# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTINE HANZ, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| NORFOLK SOUTHERN CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Christine Hanz, by and through undersigned counsel, and files this Complaint for Damages against Defendant Norfolk Southern Corporation ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, J. Steven Stewart, 577 Mulberry Street, Suite 1500, Macon, Georgia 31201.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Family Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA").

7.

At all times relevant to this action, Plaintiff suffered from serious health conditions, as that term has been defined by the FMLA, of which the employer had knowledge. At all times relevant, Plaintiff has suffered from disabilities. In

particular, Plaintiff suffered from lupus SLE, CVID, rheumatoid arthritis, congested heart failure, and high blood pressure, along with related medical issues like muscle failure and kidney failure. She also suffered through two serious bouts of COVID-19. Plaintiff's disabilities substantially limited, among other major life activities, her ability to work, walk, talk, and concentrate.

8.

In January 2020, Plaintiff began her employment with Defendant.

9.

At the time of her termination, Plaintiff was employed as an Information Systems Auditor.

10.

In or about the end of March 2022, Plaintiff received her performance review. Plaintiff was given an annual bonus and was deemed acceptable in all areas but one.

11.

In or about the beginning of April 2022, Plaintiff was placed on a performance improvement plan ("PIP") for that one area only. Every week, Plaintiff met with Keith Bryant, her supervisor. There was no discussion of termination as a possible outcome, nor was Plaintiff ever told that she was not improving.

12.

During a meeting, on or about May 9, 2022, Plaintiff began to go into kidney

and muscle failure, related to her disabilities, which caused Plaintiff's blood pressure to drop. Plaintiff went to the hospital.

13.

Plaintiff applied for and was approved for FMLA leave from May 4, 2022, until on or about May 24, 2022.

14.

Plaintiff was terminated on May 24, 2022, effective immediately.

15.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination and retaliation, in violation of the ADA. In addition, Defendant's termination of Plaintiff interfered with Plaintiff's exercise of rights protected by the FMLA, and constituted unlawful retaliation in violation of the FMLA.

16.

Plaintiff was terminated due to her perceived and/or actual disabilities, and/or in retaliation for requesting time off to treat her disabilities.

17.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2021 and 2022 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## CLAIMS FOR RELIEF

## COUNTS I & II

## (FMLA INTERFERENCE AND RETALIATION)

18.

Plaintiff repeats and re-alleges paragraphs 7-20 as if set forth fully herein.

19.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

20.

Plaintiff was an eligible employee under the FMLA.

21.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

22.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

23.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

24.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

### **COUNT III: ADA DISCRIMINATION**

25.

Plaintiff repeats and re-alleges paragraphs 7-24 as if set forth fully herein.

26.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

27.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

28.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term is defined by the ADA.

29.

At all times relevant to this action, including up to the time of Plaintiff's termination, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities.

30.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

31.

At all times relevant, Plaintiff could perform the essential functions of her position, with or without reasonable accommodation.

32.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

33.

Defendant discriminated against Plaintiff because of her disabilities or perceived disabilities by terminating her employment, thus violating Plaintiff's rights under the ADA and entitling her to all appropriate relief thereunder.

34.

As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

35.

Defendant has not only deprived Plaintiff of equal employment opportunities but also exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

36.

Plaintiff is entitled to compensatory and punitive damages.

## **COUNT IV: VIOLATION OF THE ADA - RETALIATION**

37.

Plaintiff repeats and re-alleges paragraphs 7-36 as if set forth fully herein.

38.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination, and requesting a reasonable accommodation for a disability.

39.

Plaintiff engaged in protected activity by seeking reasonable accommodations by, among other things, requesting and taking finite and brief time off for her disabilities.

40.

Defendant subjected Plaintiff to adverse employment action by terminating her after she took finite and brief time off.

41.

There is a causal connection between Plaintiff's disabilities, her subsequent request for and use of a reasonable accommodation, and Defendant's decision to terminate her employment as a result.

42.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

43.

Therefore, Defendant is liable for the damages caused proximately by its retaliation.

44.

Defendant has not only deprived Plaintiff of equal employment opportunities but also exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

45.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Compensatory damages for emotional distress;

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA and FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 19th day of August, 2022.

**BARRETT & FARAHANY**
*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com